**FILED**

July 13, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JESUS A CORRALES SOLIS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | NO. SA-26-CV-03927-OLG |
| | § | |
| BOBBY THOMPSON *et al.*, | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Jesus A Corrales Solis's Petition for Writ of Habeas Corpus (Dkt. No. 1). Respondents have responded (Dkt. No. 4), and Petitioner has replied (Dkt. No. 5). Upon review, the Court finds that the Petition must be denied for the reasons below.

Based on the record, Petitioner is a citizen of Mexico who received Lawful Permanent Resident status on October 25, 2004. (Dkt. No. 4 at 2; Dkt. No. 4-1 at 1; *see* Dkt. No. 1 at 3.) He was convicted of robbery on May 23, 2019, sentenced to four years confinement, and subsequently charged as removable under § 1227(a)(2)(A)(iii). (Dkt. No. 4-3 at 3; Dkt. No. 4-1 at 1.) Petitioner was taken into ICE custody on April 1, 2026, and remains detained on a mandatory basis under the Laken Riley Act, *see* 8 U.S.C. § 1226(c), due to his criminal history. (Dkt. No. 4 at 2 & n.2; Dkt. No. 1 at 6.) He initiated this action on June 22, 2026, seeking an order compelling his immediate release or requiring that he be given a bond hearing. (Dkt. No. 1 at 12.)

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner proves that he is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c); *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)).

"A court considering a habeas petition must 'determine the facts . . . and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243).

Petitioner contends that his continued detention without an individualized custody determination violates his due process rights. (Dkt. No. 1 at 6, 10.) The Laken Riley Act applies to any noncitizen who "is *charged with*, is arrested for, is *convicted of*, admits having committed, or admits committing acts which constitute the essential elements of any . . . burglary, [or] theft." 8 U.S.C. § 1226(c)(1)(E)(ii) (emphasis added); *see also id.* § 1226(c)(1)(A) (mandating detention of noncitizens who are inadmissible by reason of having committed a crime of moral turpitude). Because Petitioner must be detained pursuant to § 1226(c), the Court cannot find that his continued detention during removal proceedings violates due process. *See Demore v. Kim*, 538 U.S. 510, 531 (2003) ("[W]hen the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal."); *Wekesa v. United States Attorney*, No. 22-10260, 2022 WL 17175818, at *1 (5th Cir. Nov. 22, 2022) (explaining that "the language of [§ 1226(c)] 'reinforces the conclusion that aliens detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)); *see also Rimtobaye v. Castro*, No. 23-CV-1529-FB (HJB), 2024 WL 5375786, at *3 (W.D. Tex. Oct. 29, 2024) (finding that detention of "more than two-and-a-half years" had not become unduly prolonged because removal proceedings were ongoing and, thus, detention had a definite termination point), *report and recommendation adopted*, No. 23-CV-1529-FB, 2025 WL 377722 (W.D. Tex. Jan. 31, 2025). Accordingly, the Court cannot grant his request for habeas relief.

2

Based on the foregoing, Petitioner Jesus A Corrales Solis's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

**SIGNED** on July _____, 2026.

ORLANDO L. GARCIA
United States District Judge

3